SO ORDERED.

Dated: August 24, 2015

Eddward P. Ballinger Jr., Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

FOR MATTER TAKEN UNDER ADVISEMENT

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Kristi Lynn Pacheco - Chapter 7 |
| Case Number: | 2:14-bk-07173-EPB |
| Subject of Matter: | Objection to Exemption |
| Date Matter Taken Under Advisement: | June 30, 2015 |
| Date Matter Ruled Upon: | August 24, 2015 |

Before the Court is Trustee Lawrence J. Warfields's objection to Debtor Kristi Lynn Pacheco's claimed exemption under Arizona Revised Statute ("A.R.S.") section 33-1126 in a 401(k) account she inherited from her ex-husband.[1] The exemption claim is based upon A.R.S. § 33-1126(B), which provides:

> B. Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under § 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under § 457 of the United States internal revenue code ["I.R.C."] of 1986, as amended, whether the beneficiary's interest arises by inheritance, designation, appointment or otherwise, is exempt from all claims of creditors of the beneficiary or participant.

---

[1] Originally, debtor claimed the inherited 401(k) exempt under both 11 U.S.C. § 522(b)(3)(C) and A.R.S. § 33-1126(B). Subsequently, debtor amended her schedules to remove the exemption under § 522(b)(3)(C).

1

A hearing was held June 30, 2015, at which time the matter was taken under advisement.

The Trustee makes two arguments in support of his claim that the inherited 401(k) account is not exempt. First, he contends that 11 U.S.C. § 522(b)(3)(C) preempts Arizona's exemption statute for inherited retirement accounts. This section provides:

> (b)(1) . . . an individual debtor may exempt from property of the estate . . . (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986.

The Trustee argues that debtor is bound by the United States Supreme Court's holding in *Clark v. Rameker,* ___ U.S. ___, 134 S.Ct. 2242, 189 L.Ed.2d 157 (2014), that 401(k) plans inherited by a nonspouse are not exempt under 11 U.S.C. § 522(b)(3)(C). Second, even if A.R.S. § 33-1126(B) does in fact apply, it does not supply an exemption here because this case involves an account created to comply with I.R.C. § 401(k), not one established under 401(a), 403(a), 403(b), 408, 408A, 409, or 457 as required by the statute.

A. Preemption, 11 U.S.C. § 522(b)(3)(C) and *Clark v. Rameker*

The doctrine of preemption operates to "invalidate state statutes to the extent they are inconsistent with, or contrary to, the purposes or objectives of federal law." *In re Applebaum,* 422 B.R. 684, 688 (9th Cir. BAP 2009). There are three ways in which a state law may be preempted:

> 1. When Congress has legislated so comprehensively in an area so as to "occupy the field" of regulation and leaving states no room to legislate;
>
> 2. When federal legislation expressly declares such intent; or
>
> 3. When state law actually conflicts with federal law.

*Id.* None of these conditions exist here.

2

First, courts have held that states have the power to enact bankruptcy laws as long as they do not conflict with existing federal bankruptcy legislation. *Id.* at 689 (citing *Sherwood Partners, Inc. v. Lycos, Inc.,* 394 F.3d 1198, 1201 (9th Cir. 2005); *Rhodes v. Stewart,* 705 F.2d 159, 163 (6th Cir. 1983); *Matter of Sullivan*, 680 F.2d 1131, 1137 (7th Cir. 1982)). "While federal bankruptcy law is pervasive and there is a strong federal interest in bankruptcy, particularly in light of its enumeration in the Constitution as an area where Congress has been granted plenary power to legislate, federal bankruptcy law is not so pervasive, nor is the federal interest so dominant, as to wholly preclude state legislation in the area." *Id*.

Second, the Court cannot conclude that Congress has legislated so comprehensively in the area of bankruptcy exemptions to preempt state provisions where Congress has expressly allowed states to opt-out of the federal bankruptcy exemption scheme and require use of the state's exemption statutes. As the *Applebaum* court noted, Congress has expressly authorized states to create exemptions by empowering states to opt-out of the federal bankruptcy scheme, the direct opposite of expressing an intent that only bankruptcy exemption laws should apply. *See id.*

Arizona is an opt-out state. Arizona residents are required to use Arizona's statutory exemptions: They are not permitted use of the federal exemptions provided in § 522(d). *See* A.R.S. § 33-1133(B). The Trustee contends that the addition of § 522(b)(3)(C) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), however, preempts the use of Arizona's exemption statute regarding retirement funds, essentially disallowing states to opt-out with respect to retirement funds. The Court disagrees. Nothing in § 522 expresses an intent to occupy the field or otherwise restrict a state from providing a state exemption for a retirement fund.

3

Case 2:14-bk-07173-EPB    Doc 42    Filed 08/24/15    Entered 08/25/15 09:51:25    Desc
Main Document    Page 3 of 10

The exemption under § 522(b)(3)(C) is available to all debtors regardless of whether the debtor's particular state has opted out of the federal exemption scheme of § 522(d). Several courts, including those within the Ninth Circuit, have recognized that debtors in opt-out states now have a choice when exempting retirement funds. *See In re Hamlin*, 465 B.R. 863, 870-71 (9th Cir. BAP 2012)(stating that with the enactment of BAPCPA, debtors in opt-out states like Arizona are not limited to the state law IRA exemption but may, independent of such law, claim the exemption under 522(b)(3)(C)); *In re Thiem*, 443 B.R. 832, 836-37 (Bankr. D. Ariz. 2011)(recognizing that a debtor may elect the 522(b)(3)(C) exemption even if his or her state is an opt-out state, citing 4 Collier on Bankruptcy ¶ 522.10[09] at 522-90 (16th ed. 2010)); *In re Trawick*, 497 B.R. 572 (Bankr. C.D. Cal. 2013)(analyzing exemption in inherited IRA under both 522(b)(3)(C) and California state law); *see also In re Kuchta*, 434 B.R. 837 (Bankr. N.D. Ohio 2010)(allowing exemption in inherited IRA to be pled under either 522(b)(3)(C) or Ohio statute); 4 Collier on Bankruptcy ¶ 522.10[9] at 522-91 (16th ed. 2015)(stating that "[i]n addition to exemptions under the laws of the debtor's domicile, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation" under various I.R.C. sections).

This conclusion is also supported by Congress's purpose in enacting § 522(b)(3)(C). The addition of 522(b)(3)(C) was intended to expand the protection granted to retirement plans in bankruptcy that may not have been already protected under state or federal law:

> To expand the protection of certain tax-exempt retirement plans, Congress created as part of the 2005 Act a category of exemption rights that may be exercised by the debtor even if the debtor's state has opted out of the federal exemption scheme. In addition to exemptions under the laws of the debtor's domicile, the debtor is entitled to exempt under section 522(b)(3)(C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 357 or 501(a) of the Internal Revenue Code. . . . The 2005 Act also provides that retirement funds may be exempted under

Case 2:14-bk-07173-EPB   Doc 42   Filed 08/24/15   Entered 08/25/15 09:51:25   Desc
Main Document   Page 4 of 10

section 522(b)(3)(C) in the same manner that such funds are exempt under section 522(d)(12).

4 Colliers on Bankruptcy ¶ 522.10[9] at 522-91 (16th ed. 2015); *see also* H.R. Rep. No. 31, 109th Cong., 1st Sess., Pt. I, at 63-64 (2005). To ensure that the exemption would be available regardless of the state policy on retirement fund exemptions, Congress enacted identically worded provisions for debtors regardless of whether they chose the state's exemption scheme or the federal exemption scheme. *Compare* 11 U.S.C. § 522(b)(3)(C) *with* 11 U.S.C. § 522(d)(12).

The goal, therefore, was to ensure that debtors could exempt a qualifying retirement fund even if they resided in an opt-out state without a retirement fund exemption. Section 522(b)(3)(C) is, in essence, an exception to the anti-stacking rule in 522(b)(1), which provides generally that a debtor choosing to apply the applicable state law exemptions cannot also apply the federal bankruptcy exemptions.

The fact that the Arizona exemption differs from the federal exemption does not mean the state statute actually conflicts with the federal exemption either. Exemptions in opt-out states routinely differ significantly from the federal bankruptcy exemptions, whether they are more liberal or more restrictive.

> Congress certainly was aware of the "wide disparity in the type and amount of exemptions allowed by the various states," 3 Collier on Bankruptcy, § 522.22 (15th ed. 1991), and by delegating to the states the option to legislate bankruptcy exemptions Congress implicitly acknowledged the disparity. The Oklahoma exemption statute is not inconsistent with the alternate federal list in 11 U.S.C. § 522; it simply is more favorable to debtors.

*In re Walker*, 959 F.2d 894, 901 (10th Cir. 1992); *see also In re Applebaum*, 422 B.R. at 689-690; *Rhodes v. Stewart*, 705 F.2d 159, 163 (6th Cir. 1983); *Matter of Sullivan,* 680 F.2d 1131, 1136 (7th Cir. 1982). It is well recognized that state exemptions are an alternative to the federal exemptions. "[F]ederal exemptions are not a minimum but merely an alternative in the

5

Case 2:14-bk-07173-EPB    Doc 42    Filed 08/24/15    Entered 08/25/15 09:51:25    Desc
Main Document    Page 5 of 10

diminishing minority of states that have not 'opted out.' The Code as enacted places no explicit minimum on debtors' exemptions in states that have 'opted out.'" 4 Colliers on Bankruptcy ¶ 522.09 at 522-60 (16th ed. 2015). Interestingly, § 522(b)(3)(C) appears in fact to be an explicit minimum for exemptions involving retirement funds. Nothing suggests, however, that it is the *only* exemption now for retirement plans or that a more liberal exemption may not apply. It is simply that a less liberal exemption will not apply.

The United States Supreme Court's ("U.S.S.C.") decision in *Clark v. Rameker* does not require a different result. In *Clark*, debtor inherited her mother's IRA and began taking distributions on the $450,000 balance. Debtor claimed the funds exempt under 522(b)(3)(C).[2] The trustee and unsecured creditors objected to these distributions being exempt, arguing that these distributions were not "retirement funds" within the meaning of the statute.

The question presented in *Clark* was whether "funds contained in an inherited individual retirement account (IRA) qualify as 'retirement funds' within the meaning" of § 522(b)(3)(C). ___ U.S. ___, 134 S.Ct. 2242, 2246, 189 L.Ed.2d 157 (2014). "Retirement funds" not being defined in the Code, the U.S.S.C. looked to the ordinary meaning of the term as "sums of money set aside for the day an individual stops working." *Id*. This objective standard, the U.S.S.C. concluded, could not apply to an IRA inherited by a nonspouse because such a holder of the inherited IRA has no right to contribute new money to the account, is required to withdraw the funds from the account regardless of their retirement status, and, may withdraw the entire balance at any time for any purpose without penalty. *Id*. at 2247. The funds are no longer funds set aside for the day an individual stops working.

---

[2] Debtor had claimed an exemption in these funds under Wisconsin state law, but the bankruptcy court rejected this claim on the merits (as opposed to on preemption grounds) and no appeal was taken on that issue.

6

The U.S.S.C. went on to say that this interpretation is consistent with the Bankruptcy Code's exemption provisions, which are meant to "effectuate a careful balance between the interests of creditors and debtors. On the one hand, we have noted that 'every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to . . . creditors.' . . . On the other hand, the exemptions serve the important purpose of 'protect[ing] the debtor's essential needs.'" *Id*. (citations omitted). The statute was not meant to exempt a windfall of money to the debtor that could be used for "a vacation home or sports car," but was rather meant to exempt assets for the debtor's basic needs. *Id.* at 2248. Therefore, the U.S.S.C. held that funds inherited by a nonspouse in an individual retirement account do not qualify as "retirement funds" within the meaning of § 522(b)(3)(C). *Id*. at 2244.

The problem with applying the holding in *Clark v. Rameker* to this case is that the only issue presented was whether section 522(b)(3)(C) applies to inherited IRAs by nonspouses. It did not address Arizona's exemption statute and certainly did not address preemption. Arizona's exemption law may allow a debtor to keep more than he or she could under the Bankrutpcy Code, but there are many exemptions under various state laws that allow debtors to retain more of their assets than they could under federal law. That is a choice Congress has allowed states to make.

B.  Arizona Revised Statute § 33-1126(B)

A.R.S. § 33-1126(B) expressly grants an exemption in inherited retirement funds, making no distinction with respect to who inherits the funds (spouse or nonspouse). The Trustee argues, however, that the account debtor inherited arose under a plan established under 401(k) and not one of the sections of the I.R.C as enumerated in 33-1126(B). The Court disagrees.

7

Case 2:14-bk-07173-EPB    Doc 42    Filed 08/24/15    Entered 08/25/15 09:51:25    Desc
Main Document    Page 7 of 10

A.R.S. section 33-1126(B) does not state that a retirement plan must be *established* under the enumerated sections of the I.R.C. It says that any money payable in a retirement plan *under one* of the enumerated sections of the I.R.C. qualifies for an exemption. Section 401(a), in turn, sets forth the requirements a retirement plan must satisfy to be a qualified plan and receive favorable tax benefits. A 401(k) plan satisfies the requirements of 401(a) and is therefore considered a qualified plan under 401(a). Essentially, a 401(k) plan is a subset of 401(a). 26 I.R.C. 401(k) does not create a 401(k) plan, but rather sets forth a method by which plan participants can contribute a portion of their pre-tax wages to a 401(a) qualified retirement plan.

This is set forth in the IRS's own 401(k) Resource Guide:

A retirement plan that meets the requirements of Internal Revenue Code Section 401(a) is referred to as a "qualified plan." IRC Section 401(a) sets standards for retirement plans including:

- Who is eligible for plan participation,
- When participants have a nonforfeitable right to their plan benefits,
- How much may be contributed to the plan by both participant and employer, and
- When and how distributions from the plan may be made.
Both employers and participants in qualified plans may take advantage of significant tax benefits that include taking a deduction for contributions to the plan (employer) and sheltering income and plan earnings from income tax until distributed (participant).

In general, a qualified plan can include a 401(k) feature only if the qualified plan is one of the following types of plans:

- A profit-sharing plan
- Stock bonus plan
- A money purchase pension plan in existence on June 27, 1974, that included a salary reduction arrangement on that date
- Rural cooperative plan.

Internal Revenue Service, 401(k) Resource Guide – Plan Sponsors – Plan Qualification Requirements (2015).

A 401(k) plan is a "qualified plan" - one that satisfies the requirements listed under Internal Revenue Code Section 401(a). If a plan satisfies these

8

> requirements, plan contributions made by the employer may be currently deductible and these contributions ordinarily won't be included in employees' gross income until distributed from the plan. If a plan fails to satisfy any of the Section 401(a) requirements, the plan becomes "disqualified" and the favorable tax benefits associated with these plans may be lost.

Internal Revenue Service, 401(k) Plan Fix-It Guide – 401(k) Plan – Overview (2015).

As stated earlier, A.R.S. § 33-1126(B) makes no distinction between retirement funds inherited by a spouse and a nonspouse. Such inherited funds have been held exempt in this jurisdiction, even before A.R.S. 33-1126(B) was revised to expressly include inherited accounts. In *In re Thiem,* 443 B.R. 832 (Bankr. D. Ariz. 2011), the daughter of the deceased inherited her mother's IRA funds. She sought to exempt the funds under both Arizona law and 522(b)(2)(C). Section 33-1126(B) at that time did not include funds arising by inheritance:

> Any money or other assets payable to a participant in or beneficiary of, or any interest of any participant or beneficiary in, a retirement plan under section 401(a), 403(a), 403(b), 408, 408A or 409 or a deferred compensation plan under section 457 of the United States internal revenue code of 1986, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant. This subsection shall not apply to any of the following:

Nonetheless, the court concluded that an IRA account inherited by the daughter of the deceased was exempt under A.R.S. section 33-1126(B). The court noted that there were "valid policy concerns concerning inherited IRAs that, simply, could be cashed out. Nonetheless, the plain language of ARS § 33–1126(B) protects 'any money or other assets payable to a participant in *or beneficiary of,* or *any interest* of any participant *or beneficiary in,* a retirement plan under § . . . 408 . . . from any and all claims of creditors of *the beneficiary* or participant.' *Id.* (emphasis added). Therefore, under Arizona law, an inherited IRA is precisely the money payable to, or a beneficiary's interest in, a retirement plan that is exempt from process. Any distinction is lost."[3]

---

[3] While the court in *Thiem* also concluded that the exemption was valid under § 522(b)(3)(C), that portion of the decision is clearly no longer good law due to *Clark v. Rameker*. However, the case is still good law on the application of A.R.S. 33-1126(B).

9

443 B.R. at 841. Approximately six months after *In re Thiem* was decided, and post enactment of BAPCPA, the statute was revised to expressly include as exempt inherited retirement funds. There can be little doubt that the Arizona legislature intended the exemption to be broadly applied.

For these reasons,

IT IS HEREBY ORDERED overruling the Trustee's objection to debtor's exemption under A.R.S. § 33-1126(B). Counsel for debtor shall lodge a form of order consistent with this decision.

10

Case 2:14-bk-07173-EPB    Doc 42    Filed 08/24/15    Entered 08/25/15 09:51:25    Desc
Main Document    Page 10 of 10